# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1786

_____

Michael Hasty,                                  *
                                                *
              Appellant,                        *
                                                *   Appeal from the United States
      v.                                        *   District Court for the
                                                *   Western District of Missouri.
City of Gladstone, Missouri;                    *
William P. Adamo, Director of                   *
Public Safety, individually and as             *
the Director of Public Safety;                 *
Steven L. Clark, Captain Law                    *
Enforcement Bureau,                             *
                                                *
              Appellees.                        *

_____

Submitted: January 12, 2001

Filed: April 11, 2001

_____

Before LOKEN and HEANEY, Circuit Judges, and BATAILLON,[1] District Judge.

_____

HEANEY, Circuit Judge.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Michael Hasty brought an action under 42 U.S.C. § 1983, alleging that the defendants -- the City of Gladstone Missouri (the City); William P. Ademo, Director of Public Safety for the City (Director Ademo); and Steven L. Clark, Captain of the City 's Law Enforcement Bureau (Captain Clark) -- took adverse employment action against him for exercising his First Amendment right to free speech. The district court[2] determined that Hasty's speech did not involve a matter of public concern, and thus granted summary judgment in favor of the defendants. We affirm.

## I. BACKGROUND

We briefly recite the undisputed facts. Hasty was a Sergeant in the City's Public Safety Department. Captain Clark was in charge of the City's Law Enforcement Bureau. On August 5 and 6, 1996, Hasty and Clark went on a trip to a military base to view surplus items that might be of use to the City. Hasty drove an unmarked vehicle during the trip. While Hasty drove, Clark drank beer and vodka. At dinner that night, both Hasty and Clark consumed alcohol. The next day, Clark again drank vodka during the return trip.

Approximately two months later, Hasty had a discussion with Diane Wright, the City's Personnel Director, about his working relationships with other members of the Department. In response to Wright's statement that Clark had once had a drinking problem but was now sober, Hasty described Clark's drinking during the trip to the military base. Wright stated that she would have to make a report of the incident to Director Adamo. Adamo then ordered Hasty to write a report describing what had happened on the trip. Hasty brought this action, alleging that he was subsequently demoted in retaliation for his discussion and report of the incident. In his deposition testimony, Hasty stated that he "wasn't thinking" when he mentioned the incident to

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Wright, and that he tried to "to back away from the subject. " (Jt. App. 75). Hasty also admitted that the topic simply came up in conversation and that he was not making a report as a concerned citizen.

## II.  ANALYSIS

We review the district court's grant of summary judgment de novo.  See Mumford v. Godfried, 52 F.3d 756, 759 (8th Cir. 1995).  Summary judgment is properly granted when the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A public employee alleging a violation of the right to free speech must establish that the speech involves a matter of public concern.  See Connick v. Myers,  461 U.S. 138, 143 (1983).  If the speech does involve a matter of public concern, we next apply the test set forth in Pickering v. Board of Educ., 391 U.S. 563, 568 (1968), balancing the public employee's right to free speech with the employer's interest in efficiently providing public services.  In the present case we focus on the first inquiry, that is, whether Hasty's remarks regarding the trip and Captain Clark's drinking involved a matter public concern.  After a careful analysis, we hold that they do not.

As we have previously stated, whether a matter is of public concern depends on whether it involves only the personal interest of an employee or is of political or social interest to the community.  See Kincade v. City of Blue Springs, 64 F.3d 389, 396 (8th Cir. 1995); Cox v. Dardanelle Pub. Sch. Dist., 790 F.2d 668, 672 (8th Cir. 1986).  Such a determination depends on the content, form, and context of the speech.  See Connick, 461 U.S. at 147-148.

Applying this analysis, we cannot say that Hasty's remarks touched on a matter of public concern.  Hasty admitted that his comments to Wright were blurted out, and

that he did not intend to make an official report.  When the conversation progressed further, Hasty backed away from his statements and emphasized that Captain Clark did not put anyone in danger.  Perhaps most telling, Hasty himself testified in a deposition that he did not make the remarks as a concerned citizen.  See Buazard v. Meridith, 172 F.3d 546, 548 (requiring employee to speak as concerned citizen to obtain First Amendment protections for speech).  Further, the report made to Adamo was purely job-related, as it was ordered by Hasty's superiors.   See id. at 548-49.  Finally, that Hasty's comments and report were wholly internal to the Department suggests that they were not a matter of public concern.  Hasty did not communicate to identify a danger to the public; his remarks were offhand, and made as part of a casual conversation.

Accordingly, we affirm the district court's grant of summary judgment to the defendants.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.